

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00147-CR

———————————————

RALPH EDWARD BYRNE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13873

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel
Justice Birdwell concurring and dissenting without opinion[1]

---

[1]Birdwell, J., would delete only $15 from the judgment in accordance with *Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014), and *Lawrence v. State*, 420 S.W.3d 339, 334 (Tex. App.—Fort Worth 2014, pet. ref'd).

**MEMORANDUM OPINION**

Appellant Ralph Edward Byrne appeals from the trial court's revocation of his community supervision, adjudication of his guilt for possession of more than 4 but less than 200 grams of methamphetamine with the intent to deliver, and imposition of a 40-year sentence. We modify the trial court's judgment adjudicating guilt and the incorporated order to withdraw funds to delete three improperly charged costs and affirm the judgment as modified. See Tex. R. App. P. 43.2(b).

Byrne was indicted with the intentional or knowing possession of more than 4 but less than 200 grams of methamphetamine with the intent to deliver—a first-degree felony. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d); *see also id.* § 481.102(6). Byrne and the State entered into a plea-bargain agreement under which Byrne agreed to plead guilty in exchange for the State's recommendation that an adjudication of his guilt be deferred and that he be placed on community supervision for a period of ten years. The trial court followed the State's recommendation and placed Byrne on community supervision for ten years without adjudicating his guilt. The trial court imposed a $3,500 fine and ordered that $1,036 in court costs and restitution of $180 be paid. The court-cost amount was supported by an itemized cost sheet. The trial court then certified that Byrne had no right to appeal the deferred-adjudication order. *See* Tex. R. App. P. 25.2(a)(2).

During the period of community supervision, the State moved to proceed to an adjudication of Byrne's guilt based on his violations of the imposed terms and

2

conditions of community supervision. The trial court ordered an arrest capias for Byrne. At the hearing on the State's motion, Byrne pleaded true to each of the State's violation allegations. Byrne's community-supervision officer testified as to how Byrne had failed to comply as alleged in the State's motion. A police officer testified that Byrne had committed two misdemeanor offenses during his community-supervision term. The trial court found that Byrne had violated the terms and conditions of his community supervision, adjudicated him guilty of the indicted offense, and sentenced him to forty years' confinement. The trial court did not orally pronounce or order restitution. The district clerk prepared a bill of cost, reflecting $1,146 in fees; the trial court ordered in its judgment adjudicating guilt that Byrne pay $1,146 in court costs. *See* Tex. Code Crim. Proc. Ann. art. 103.001(b). The incorporated order to withdraw funds similarly authorized that this same amount be withdrawn from Byrne's inmate trust account to satisfy the ordered costs. The trial court certified that Byrne had the right to appeal from the adjudication and found that he was entitled to court-appointed counsel on appeal. *See* Tex. R. App. P. 25.2(a)(2).

Byrne's court-appointed appellate counsel has filed a motion to withdraw, accompanied by a brief in support of that motion. In his brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. The brief and motion present a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly*

3

*v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Neither Byrne nor the State has responded to the *Anders* brief or motion to withdraw.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders* and *Kelly*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any response filed by the pro se appellant. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).

After reviewing the itemized bill of cost, we conclude that three amounts must be deleted from the total amount charged as court costs in the judgment. First, we find no statutory authority authorizing the $15 assessed for "Motion to Proceed/Revoke" in the itemized bill of cost. *See Thomas v. State*, No. 02-18-00337-CR, 2019 WL 166001, at *2 (Tex. App.—Fort Worth Jan. 10, 2019, no pet.) (per curiam) (mem. op., not designated for publication). Because "[o]nly statutorily authorized court costs may be assessed against a criminal defendant," we must delete that amount from the costs charged in the judgment. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing Tex. Code Crim. Proc. Ann. art. 103.002); *see Thomas*, 2019 WL 166001, at *2.

Second, the $12 charged as a "Restitution Fee" is punitive in nature and must be orally pronounced upon revocation and adjudication.  *See Weir v. State*, 278 S.W.3d 364, 365–66 (Tex. Crim. App. 2009); *Eubank v. State*, No. 02-18-00351-CR, 2019 WL 2635564, at *2 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication); *Gonzalez v. State*, No. 02-17-00373-CR, 2019 WL 983699, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (per curiam) (mem. op., not designated for publication); *Milligan v. State*, No. 02-16-00035-CR, 2016 WL 6123643, at *2 (Tex. App.—Fort Worth Oct. 20, 2016, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 42.037(g).  It was not; thus, this amount must be deleted as well.

Third, the district clerk charged $100 as a "Capias Warrant Fee."  A $50 fee is statutorily authorized for "executing or processing an issued . . . capias." Tex. Code Crim. Proc. Ann. art. 102.011(a)(2).  The record reflects that only one arrest capias was ordered regarding the State's motion to revoke and that no capias fee was charged when the trial court placed Byrne on community supervision.[2]  Thus, one charged capias fee of $50 is not supported by the record.[3]  *See Reed v. State*, No. 02-17-00199-

---

[2]The relevant entry on the itemized sheet of costs prepared at the time Byrne was placed on community supervision showed,

"Additional Capias Fee . . . . . . . . . . (   ) x    $50  _____ — _____."

[3]We recognize that Byrne may not appeal any cost errors occurring at the time he was placed on community supervision.  *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014).  But no capias fee was assessed at the time of the deferred-

CR, 2018 WL 6844132, at *1 (Tex. App.—Fort Worth Dec. 31, 2018, no pet.) (per curiam) (mem. op., not designated for publication). Accordingly, we modify the trial court's judgment and incorporated order to withdraw funds to deduct $77 from the ordered cost amount for a total of $1,069.

Other than these minor adjustments to the charged costs, there is nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Thus, we grant counsel's motion to withdraw, modify the judgment and the attached order to withdraw funds to reflect $1,069 in court costs, and affirm the trial court's judgment as modified. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *Kelly*, 436 S.W.3d at 318–19; *Boone v. State*, No. 02-15-00417-CR, 2016 WL 4040563, at *2–3 (Tex. App.—Fort Worth July 28, 2016, no pet.) (mem. op., not designated for publication).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 27, 2019

---

adjudication order; thus, our deletion of this fee does not impermissibly address an unobjected-to wrong that occurred before revocation.